UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIE A/K/A "FIDEL" MITCHELL,<br><br>   Plaintiff,<br><br>v.<br><br>SALVATORE & CO., L.L.C. and MICHAEL SALVATORE, Jointly and Severally,<br><br>   Defendants. | ECF CASE<br><br>No.:<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

## NATURE OF THE ACTION

1. Plaintiff Willie a/k/a "Fidel" Mitchell worked for Defendants Salvatore & Co., L.L.C. ("Salvatore & Co.") and Michael Salvatore ("Defendants") as a sign holder from 2014 to 2019.

2. Plaintiff Mitchell asserts the following claims against Defendants: unpaid minimum wage under the Fair Labor Standards Act and New York Labor Law; failure to provide the Notice and Acknowledgment of Payrate under the Labor Law; and failure to provide the written wage statement under the Labor Law.

## JURISDICTION & VENUE

3. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 1337 and 1343, supplemental jurisdiction over the Labor Law claims under 28 U.S.C. § 1367, and jurisdiction over the FLSA claims under 29 U.S.C. § 216(b).

4. Venue is proper in this District under 28 U.S.C. § 1391(b)(2).

5. This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

6. Plaintiff Mitchell was, at all relevant times, an adult individual, residing in Brooklyn, New York.

7. Upon information and belief, Salvatore & Co. is a New York Domestic Limited Liability Company that is organized under New York law and authorized to do business in the State of New York. Its principal place of business is at 581 5th Avenue, New York, New York 10017.

8. Upon information and belief, Michael Salvatore is a resident of the State of New York and is the owner of Salvatore & Co.

9. Upon information and belief, Salvatore & Co. is an enterprise engaged in commerce or in the production of goods for commerce. Salvatore & Co. is engaged in commerce or in the production of goods for commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000.00. These goods and services include computers, diamonds and gold.

## STATEMENT OF FACTS

10. Salvatore & Co. is a jewelry store located at 581 5th Avenue, New York, New York 10017.

11. Salvatore & Co., upon information and belief, employs less than 11 employees.

12. Salvatore had the authority to hire and fire Plaintiff Mitchell and to set his employment terms and conditions, including his pay, frequency of being paid, his duties and his work schedule.

13. Defendants employed Plaintiff Mitchell from January 2016 to December 2019.

14. Plaintiff Mitchell's primary duties was to stand in front of the jewelry store with a sign to get potential customer's attention and convince them to go into the store.

15. He worked 8 hours a day, five days a week, total 40 hours per week.

16. Defendants did not track the hours Plaintiff Mitchell worked.

17. Defendants did not require Plaintiff Mitchell clock in and clock out when he started and stopped working.

18. Defendants, upon information and belief, have no records of the hours Plaintiff Mitchell worked.

19. Defendants paid Plaintiff Mitchell $50 per day.

20. Defendants paid Plaintiff Mitchell $50 per day regardless of the total hours he worked per week.

21. Plaintiff Mitchell's effective hourly rate is below the statutory minimum for every year he worked for Defendants:

|      | Total Weekly Compensation | Hours Worked Per Week | Effectively Hourly Rate | Federal Minimum Wage | New York Minimum Wage |
| ---- | --- | --- | --- | --- | --- |
| 2016 | $250.00[1] | 40 | $6.25[2] | $7.25 | $9.00 |
| 2017 | $250.00 | 40 | $6.25 | $7.25 | $10.50 |
| 2018 | $250.00 | 40 | $6.25 | $7.25 | $12.00 |
| 2019 | $250.00 | 40 | $6.25 | $7.25 | $13.50 |

22. Defendants never provided Plaintiff Mitchell the Notice and Acknowledgment of Payrate and Payday under N.Y. Lab. Law § 195.1(a) within 10 business days of his first employment date.

23. Defendants paid Plaintiff Mitchell in cash.

---

[1] $50.00 per day x 5 days = $250.00
[2] $250.00/40 hours = $6.25

24. When Defendants paid Plaintiff Mitchell in cash, they did not give him any written statement that specified, *inter* alia, his pay rate, the pay period, the hours he worked during that pay period and any deductions.

25. Defendants did not have a poster at their place of work advising their employees of their right to the minimum wage and overtime pay.

## FIRST CAUSE OF ACTION
## UNPAID MINIMUM WAGES UNDER THE FLSA

26. Plaintiff Mitchell repeats every preceding allegation as if set forth fully herein.

27. Defendants have been and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

28. Defendants employed Plaintiff Mitchell within the meaning of the FLSA.

29. As an employer within the meaning of the FLSA, Michael Salvatore is individually liable.

30. Defendants knowingly failed to pay Plaintiff Mitchell the minimum wage.

31. Defendants were required to pay Plaintiff Mitchell the minimum wage rate for all hours worked.

32. Because Defendants' FLSA violations were willful, a three-year statute of limitations applies under 29 U.S.C. § 255.

33. As a result of Defendants' FLSA violations, Plaintiff Mitchell has suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensations under 29 U.S.C. § 216(b), and such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
## UNPAID MINIMUM WAGE UNDER THE NEW YORK LABOR LAW

34. Plaintiff Mitchell repeats every preceding allegation as if set forth fully herein.

35. Defendants are "employers" under N.Y. Lab. Law §§ 190, 196-d, 651(5), 652 and supporting New York State Department of Labor Regulations and employed Plaintiff Mitchell.

36. The wage payment provisions of Article 6 of the Labor Law and supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff Mitchell.

37. Under the Labor Law and supporting New York State Department of Labor Regulations, Defendants were required to pay Plaintiff Mitchell the statutory minimum wage.

38. As an employer within the meaning of the Labor Law, Michael Salvatore is individually liable.

39. Upon information and belief, Defendants failed to post, in a conspicuous place upon its premises a notice issued by the New York State Department of Labor summarizing minimum wage provisions, violating the Labor Law and supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. §§ 137-2.3, *et seq*.

40. Defendants have willfully violated the Labor Law by knowingly and intentionally failing to pay Plaintiff Mitchell the minimum wage.

41. Due to Defendants' Labor Law violations, Plaintiff Mitchell is entitled to recover from them his unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.

## THIRD CAUSE OF ACTION
## FAILURE TO PROVIDE THE N.Y. LAB. LAW § 195.1 NOTICE

42. Plaintiff Mitchell repeats every preceding allegation as if set forth fully herein.

43. Defendants willfully failed to supply Plaintiff Mitchell with the required Notice and Acknowledgment of Pay Rate and Payday under N.Y. Lab. Law § 195.1(a) within 10 business days of his first employment date.

44. Due to Defendants' violations of N.Y. Lab. Law § 195.1, Plaintiff Mitchell is entitled to recover $50.00 for each workday that the violations occurred or continue to occur, or a maximum of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. Lab. Law § 198(1)-b (2016).

## FOURTH CAUSE OF ACTION
## FAILURE OT PROVIDE THE N.Y. LAB. LAW § 195.3 WAGE STATEMENT

45. Plaintiff Mitchell repeats every preceding allegation as if set forth fully herein.

46. Defendants willfully failed to supply Plaintiff Mitchell with an accurate wage statement with each payment of wages, violating N.Y. Lab Law § 195.3.

47. Due to their violations of N.Y. Lab Law § 195.3, Plaintiff Mitchell is entitled to recover from Defendants $250.00 for each work day that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. Lab Law § 198(1)-d (2016).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mitchell respectfully requests this Court grant the following relief:

    a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award for unpaid minimum wages under the Labor Law and the FLSA;

d. An award for failing to provide the Notice and Acknowledgment of Pay Rate and Payday under N.Y. Lab. Law § 195.1;

e. An award for failing to provide the required wage statement under N.Y. Lab. Law § 195.3;

f. An award of liquidated damages as a result of Defendants' Labor Law violations;

g. An award of liquidated damages as a result of Defendants' willful FLSA violations;

a. Michael Salvatore and Salvatore & Co. being jointly and severally liable;

b. Equitably tolling the statute of limitations under the FLSA;

c. An award of pre-judgment and post-judgment interest;

d. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

e. Such other and further relief as this Court deems just and proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Mitchell demands a trial by jury on all questions of fact the Complaint raises.

Dated: New York, New York
October 13, 2020

LIPSKY LOWE LLP

s/ Douglas B. Lipsky
Douglas B. Lipsky
420 Lexington Avenue, Suite 1830
New York, New York 10170-1830
Tel: 212.392.4772
Fax: 212.444.1030
doug@lipskylowe.com